KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN T. BRICKER (State Bar No. 269100)
GIA L. CINCONE (State Bar No. 141668)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:   (415) 576-0300
E-Mail:        ggilchrist@kilpatricktownsend.com
                   rbricker@kilpatricktownsend.com
                   gcincone@kilpatricktownsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NTS W. USA, LLC, a limited liability company registered in Delaware,<br><br>Defendant. | Case No. 3:18-cv-07447<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COUNTERFEITING (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Levi Strauss & Co. ("LS&Co.") complains against Defendant NTS W. USA, LLC ("Desigual" or "Defendant") as follows:

**JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

1. Plaintiff's LS&Co.'s first, second, and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051 *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition); 28 U.S.C. § 1331 (federal question); and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2. LS&Co. is informed and believes venue is proper in this Court under 28 U.S.C. § 1391(b) because Desigual transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

3. Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

**PARTIES**

4. LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately the 1850s, LS&Co. is one of the oldest and best known apparel companies in the world. It manufactures, markets, and sells a variety of apparel, including its traditional LEVI'S® brand products.

5. LS&Co. is informed and believes that Defendant NTS W. USA, LLC is a limited liability company registered in Delaware with its principal place of business at 958 Avenue of the Americas, 4th Floor, New York, New York 10001. LS&Co. is informed and believes that NTS W. USA distributes and/or sells, or has distributed and/or sold, DESIGUAL brand garments at retail, including, without limitation, www.desigual.com, throughout the United States, including in this judicial district. LS&Co. is further informed and believes that NTS W. USA has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

**LS&Co.'s Arcuate Stitching Design Trademark**

6. LS&Co. marks its LEVI'S® brand products with a set of trademarks that are famous around the world. For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States and in California. Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for quality products. LS&Co. continuously has used these trademarks, some for well over a century, to distinguish its products.

/ / /

7. Most of LS&Co.'s trademarks are federally registered; all are in full force and effect, valid and protectable, and exclusively owned by LS&Co. LS&Co. continuously has used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to LS&Co.'s claims.

8. Among its marks, LS&Co. owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States still in continuous use. LS&Co. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products. LS&Co. first used the Arcuate trademark on jeans and later used it on other products as well.

9. LS&Co. owns, among others, the following United States and California Registrations for its Arcuate trademark, attached as Exhibit A. These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

   a. U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

   b. U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

   c. U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003); and

   d. California Registration No. 088399 (first used as early as 1873; registered August 24, 1988).

10. The Arcuate trademark is valid and protectable, and exclusively owned by LS&Co. The Arcuate trademark is famous and is recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® jeans. The Arcuate trademark became famous prior to Desigual's conduct that is the subject of this Complaint.

11. Examples of LS&Co.'s use of its Arcuate trademark on LEVI'S® jeans are attached as Exhibit B.

/ / /

/ / /

**Desigual's Infringement of LS&Co.'s Arcuate Stitching Design Trademark**

12. Beginning at some time in the past and continuing until the present, Desigual has manufactured, sourced, promoted, and/or sold garments bearing one or more identical or substantially indistinguishable imitations of LS&Co.'s federally registered Arcuate trademark.

13. LS&Co. is informed and believes that Desigual has manufactured, sourced, promoted, and/or sold jackets and other garments that include altered portions of Levis® jeans, including portions that retain LS&Co.'s Arcuate trademark (the "Desigual Counterfeit Design"). Though it has altered LS&Co. products and retained LS&Co.'s famous Arcuate trademark, Desigual has applied its own brand to the finished products that it markets and sells, titled Desigual's "Iconic Jacket." The retention of LS&Co.'s Arcuate trademark constitutes counterfeit use of the mark, and is likely to confuse consumers about the source of Desigual's products and/or a relationship between the Desigual and LS&Co. Images of Desigual's products bearing the Desigual Counterfeit Design are attached to this Complaint as Exhibit C, and included below.



/ / /

/ / /



14. LS&Co. is informed and believes that Desigual has manufactured, promoted, and sold substantial quantities of products bearing the Desigual Counterfeit Design, and has obtained and continues to obtain substantial profits from these sales.

/ / /

15. Desigual's actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate. Unless Desigual is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

    a. Depriving LS&Co. of its statutory rights to use and control use of its trademarks;

    b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

    c. Causing the public falsely to associate LS&Co. with Defendant and/or DESIGUAL brand products, or vice versa;

    d. Causing incalculable and irreparable damage to LS&Co.'s goodwill and diluting the capacity of its trademarks to differentiate LEVI'S® products from others; and

    e. Causing LS&Co. to lose sales of its genuine products.

16. Accordingly, in addition to other relief sought, LS&Co. is entitled to injunctive relief against Desigual, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

17. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 16 of this Complaint.

18. Without LS&Co.'s consent, Desigual has used, in connection with the sale, offering for sale, distribution, or advertising of its products, designs that infringe upon LS&Co.'s registered Arcuate trademark.

19. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

/ / /

/ / /

1   20. As a direct and proximate result of Desigual's infringing activities, LS&Co. is entitled to recover Desigual's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

21. Desigual's infringement of LS&Co.'s Arcuate trademark has been intentional, and constitutes an exceptional case, entitling LS&Co. to treble the amount of its damages and Desigual's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

22. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

23. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24. Desigual's use of the Desigual Counterfeit Design tends falsely to describe Desigual's products within the meaning of 15 U.S.C. § 1125(a)(1). Desigual's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Desigual's products, to the detriment of LS&Co. and in violation of 15 U.S.C. § 1125(a)(1).

25. As a direct and proximate result of Desigual's infringing activities, LS&Co. is entitled to recover Desigual's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

26. Desigual's infringement of LS&Co.'s Arcuate trademark has been intentional, and constitutes an exceptional case, entitling LS&Co. to treble the amount of its damages and Desigual's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

27. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

/ / /

/ / /

/ / /

/ / /

### THIRD CLAIM
### FEDERAL DILUTION OF FAMOUS MARKS
### (Trademark Dilution Revision Act of 2006)
### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

28. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. LS&Co.'s Arcuate trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous prior to Desigual's conduct as alleged in this Complaint.

30. Desigual's conduct is likely to cause dilution of LS&Co.'s Arcuate trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

31. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

### FOURTH CLAIM
### FEDERAL TRADEMARK COUNTERFEITING
### ((15 U.S.C. §§ 1114-1117; Lanham Act § 32(1)(a))

32. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33. Desigual has—on the same goods encompassed by LS&Co.'s federal registrations, including as an example Registration No. 1,139,254—used marks that are identical to, or substantially indistinguishable from, the federally registered Arcuate trademark.

34. Desigual's actions demonstrate an intentional, willful, and malicious intent to counterfeit LS&Co.'s federally registered trademarks in violation of 15 U.S.C. § 1116(d).

35. Because Desigual has caused, and is likely to continue causing, substantial injury to the public and to LS&Co. for which LS&Co. has no adequate remedy at law, and because this is an exceptional case, LS&Co. is entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117(c), as well as seizure of the counterfeit goods under 15 U.S.C. § 1116.

/ / /

/ / /

/ / /

**FIFTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
**(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

36. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37. Desigual's infringement of LS&Co.'s Arcuate trademark is likely to cause consumer confusion and dilution of LS&Co.'s marks in violation of California Business & Professions Code sections 14245 and 14247.

38. Desigual has infringed and diluted LS&Co.'s Arcuate trademark with knowledge and intent to cause confusion, mistake, or deception.

39. Desigual's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

40. Pursuant to California Business & Professions Code sections 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Desigual's profits and three times all damages suffered by LS&Co. by reason of Desigual's manufacture, use, display, or sale goods bearing the Desigual Counterfeit Design.

**SIXTH CLAIM**
**CALIFORNIA UNFAIR, UNLAWFUL, AND FRAUDULENT COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

41. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42. Desigual's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

43. As a consequence of Desigual's acts of unlawful, unfair, and/or fraudulent competition, LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

/ / /

/ / /

/ / /

**PRAYER FOR JUDGMENT**

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

44. Adjudge that LS&Co.'s Arcuate trademark has been infringed by Desigual in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

45. Adjudge that Desigual has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

46. Adjudge that Desigual's activities are likely to dilute LS&Co.'s famous Arcuate trademark in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

47. Adjudge that Desigual has promoted, distributed, offered and/or sold products bearing counterfeit reproductions of LS&Co.'s federally registered Arcuate trademark;

48. Adjudge that Desigual, its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through, or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that bear reproductions of LS&Co.'s Arcuate trademark, or any trademarks that are substantially similar to the Arcuate trademark;

    b. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&Co.'s Arcuate trademark as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for LS&Co., including, without limitation, any product that bears the Desigual Counterfeit Design which is the subject of this Complaint and for which Desigual is responsible, or any other approximation of LS&Co.'s trademarks;

    c. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Desigual or its products with LS&Co., or as to the origin of Desigual's goods, or any false designation

/ / /

of origin, false or misleading description or representation of fact, or any false or misleading advertising;

   d. Further infringing the rights of LS&Co. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&Co.'s goodwill or business reputation;

   e. Further diluting the Arcuate trademark;

   f. Otherwise competing unfairly with LS&Co. in any manner; and

   g. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

  49. Adjudge that Desigual be required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised, or promoted, infringing products as alleged in this Complaint;

  50. Adjudge that Desigual be required immediately to deliver to LS&Co.'s counsel its entire inventory of infringing and/or counterfeit products, including, without limitation, jackets and any other clothing, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe LS&Co.'s trademarks as alleged in this Complaint;

  51. Adjudge that Desigual, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

  52. Adjudge that LS&Co. recover from Desigual statutory damages for Desigual's use of counterfeit copies of LS&Co.'s federally registered trademarks, and that LS&Co. recover its damages and lost profits from Desigual, as well as Desigual's profits, in an amount to be proven at trial, as well as punitive damages under California law;

  53. Adjudge that Desigual be required to account for any profits that are attributable to its illegal acts, and that LS&Co. be awarded (1) Desigual's profits and (2) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

54. Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be trebled;

55. Order an accounting of and impose a constructive trust on all of Desigual's funds and assets that arise out of Desigual's infringing activities;

56. Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

57. Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

Dated:  December 11, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: _____/s/ *Ryan T. Bricker*_____
                    Ryan T. Bricker

Attorneys for Plaintiff
LEVI STRAUSS & CO.

# DEMAND FOR JURY TRIAL

LS&Co. demands that this action be tried to a jury.

Dated:  December 11, 2018            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: _____/s/ *Ryan T. Bricker*_____
             Ryan T. Bricker

Attorneys for Plaintiff
LEVI STRAUSS & CO.

71336674V.1